UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONALD L. JONES,                )
                                )
            Plaintiff,           )
                                )
      v.                         )     No. 4:06CV150(HEA)
                                )
ST. LOUIS PARKING VIOLATIONS     )
BUREAU, et al.,                  )
                                )
            Defendants.          )

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ronald Jones for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint[1]

Plaintiff seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the St. Louis Parking Violations Bureau (PVB), the St. Louis Department of Streets (DOS), and the St. Louis Municipal Courts.

Liberally construing the complaint and the attachments, plaintiff's vehicle, a 1994 Jeep Cherokee, was towed by either the DOS or the City of St. Louis Police Department on January 6, 2006, and impounded due to plaintiff's alleged failure to pay four

---

[1] For purposes of this review, the complaint consists of the original complaint [Doc. #3] and plaintiff's amended complaint [Doc. #6].

tickets.

It appears that the PVB may have attempted to mail notices to plaintiff concerning the unpaid tickets prior to towing and impounding plaintiff's vehicle, but - if it did - plaintiff asserts that he did not receive any notices. Regardless of whether pre-taking notices were sent (or received), plaintiff did receive a post-taking notice informing him that his vehicle had been impounded and instructions on how he could retrieve it - which included the requirement that plaintiff pay all "towing or other removal and storage charges." This notice, dated January 8, 2006, also informed plaintiff that he had "a right to a hearing to contest the towing or removal of the vehicle" if he so wished, but warned plaintiff that "storage charges are accumulating at the minimum rate of $20.00 per day [and] . . . [i]f the vehicle is impounded for more than thirty (30) days, the daily storage rate will double." If not claimed within thirty days, plaintiff was informed that the vehicle is "subject to sale at public auction or disposal" as provided in City of St. Louis ordinances. Additional documents attached to the complaint state that "[f]or vehicles booted or towed, [plaintiff] may request an 'emergency hearing' to contest the tickets associated with the booting or towing." These documents also warned, however, that if plaintiff contested the tickets he could - at the judge's discretion - be charged $48.50 in court costs.

Plaintiff asserts that he owes $380 in fines for the

unpaid tickets, an unspecified amount for the towing charge and $20.00 per day storage costs.[2] Plaintiff contends that the fines, the seizure of his vehicle, the amounts he owes for towing and storage, and the potential loss of the vehicle at a public auction violate the eighth amendment's guarantee against excessive fines. Plaintiff seeks damages, replacement of his vehicle, and an order enjoining the PVB's towing policies and procedures.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). At the outset, the Court believes that the existence of pending municipal court actions against defendant requires this Court to abstain from considering the constitutional issues asserted by plaintiff in this complaint at this time. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal court should not intervene in ongoing state criminal proceeding); *Bonner v. Circuit Court of the City of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). If the challenge to the underlying tickets has been resolved against plaintiff, then the action appears to be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Even if not barred by either *Younger* or *Heck*, the Court finds that plaintiff's complaint should still be dismissed. Although plaintiff asserts that he did not receive the mailed notices concerning the non-payment of the four tickets, he does not

---

[2]It is unclear whether plaintiff has retrieved his vehicle.

appear to assert that the PVB did not mail the notices to plaintiff's address. Moreover, the Court takes notice that the PVB delivers tickets to offenders by placing them on the windshield of the offending vehicle. This system - ticketing the offending vehicle followed by mailed notice to the vehicle owner's address - does not violate due process, even if plaintiff never actually received the tickets or the mailed notices. *See Patterson v. Cronin*, 650 P.2d 531, 535 (Colo. 1982).

First, the Constitution does not require the defendants to provide a hearing before towing and impounding plaintiff's vehicle for unpaid tickets, so long as an adequate proceeding is available promptly after the seizure. *Id. at* 538. As noted above, it appears that the defendants promptly notified plaintiff of the impoundment of his vehicle afterwards, that plaintiff had the opportunity to request an "emergency hearing" to contest the impoundment, and to post a bond while he contested the underlying tickets.

Second, a fine violates the eighth amendment if it is grossly disproportionate to the gravity of the offense.[3] *See United States v. Bajakajian*, 524 U.S. 321, 334 (1998). To

---

[3]Although the towing and storage fees - because they are administrative costs - may not constitute part of the "fine" (i.e.,an amount imposed as punishment for an offense) for purposes of the eighth amendment, the Court will assume, for purposes of this review, that the "fine" challenged here includes towing and storage charges.

determine whether a fine is "grossly disproportionate," this Court considers" (1) the degree of defendant's reprehensibility or culpability; (2) the relationship between the penalty and the harm to the victim caused by the defendant's actions; and (3) the sanctions imposed in other cases for comparable misconduct. *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 435 (2001).

Although the exact nature of plaintiff's offenses is unclear, the Court takes notice that PVB enforces the parking ordinances for the City of St. Louis and, therefore, it is reasonable to assume that plaintiff's offenses are relatively mundane parking violations. In addition to allegedly ignoring the parking laws, though, plaintiff also appears to have ignored the duly authorized process for enforcing those laws by failing to dispose of the underlying tickets by payment or requesting a hearing. Furthermore, the Court notes that this case involves not one parking ticket which plaintiff failed to address, but four separate tickets and four separate instances of failing to pay or challenge the tickets. The law recognizes that multiple rules violations - not to mention apparent disregard of the enforcement authority - is more contemptible than singular violations followed by contrite acts.

It is unclear whether the defendants or the City suffered any actual harm - beyond non-compliance with the parking laws -

from plaintiff's acts.  But, the City has an inherent interest in seeing that its parking ordinances - enacted as part of its police powers to regulate traffic - are obeyed.  Furthermore, it is clear that the defendants incurred more costs in getting plaintiff to comply with its citations than in comparison to offenders who timely pay their tickets or make timely requests for a hearing.

Finally, the Court notes that the sanctions imposed on plaintiff in this case is similar to the sanctions meted out for comparable violations.  *See Boguslavsky v. City of New York*, 1999 WL 197202, at *1 (2nd Cir. April 1, 1999) ($25 fine for parking ticket and $75 fee for removing boot was not excessive under the eighth amendment).  For these reasons, the Court finds that plaintiff's complaint fails to state an eighth amendment claim.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 8th day of May, 2006.

_____
**UNITED STATES DISTRICT JUDGE**